J-S51018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LONDELL BOND, | |
| Appellant | No. 3364 EDA 2016 |

Appeal from the PCRA Order October 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1104831-2003

BEFORE:  BOWES and SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 06, 2017**

Appellant, Londell Bond, appeals *pro se* from the October 4, 2016 order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Following a jury trial that concluded on April 5, 2005, Appellant was found guilty of second-degree murder,[1] robbery,[2] and possessing an instrument of crime.[3]  On May 16, 2005, the trial court sentenced Appellant to a term of life imprisonment for the murder conviction and a concurrent

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502.

[2] 18 Pa.C.S. § 3701.

[3] 18 Pa.C.S. § 907.

term of two and one-half to five years of incarceration for possessing an instrument of crime.  N.T., Sentencing, 5/16/05, at 23-24.  The trial court concluded that robbery merged with second-degree murder for sentencing purposes.  *Id.*

Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence on February 26, 2008.  *Commonwealth v. Bond*, 951 A.2d 1205, 1100 EDA 2006 (Pa. Super. filed February 26, 2008) (unpublished memorandum).  Appellant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania that was denied on July 30, 2008.  *Commonwealth v. Bond*, 956 A.2d 431, 173 EAL 2008 (Pa. 2008).  Appellant did not pursue a writ of *certiorari* with the United States Supreme Court.

On September 5, 2008, Appellant filed a timely PCRA petition *pro se*.  Counsel was appointed and filed an amended PCRA petition on October 22, 2009.  On January 15, 2010, the PCRA court filed its notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907, and on February 17, 2010, the PCRA court dismissed Appellant's petition.  On March 18, 2010, Appellant filed a timely appeal.

On September 3, 2010, the PCRA court withdrew Appellant's counsel's appointment and appointed new counsel to represent Appellant in his appeal.  Newly appointed counsel filed a brief on behalf of Appellant with this Court on June 22, 2011.  On January 18, 2012, our Court affirmed the

dismissal of Appellant's petition. ***Commonwealth v. Bond***, 43 A.3d 521, 732 EDA 2010 (Pa. Super. filed January 18, 2012) (unpublished memorandum). The Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on August 1, 2012. ***Commonwealth v. Bond***, 49 A.3d 441, 69 EAL 2012 (Pa. 2012).

On August 20, 2012, Appellant, *pro se*, filed his second PCRA petition, and on April 3, 2015, Appellant, still *pro se*, filed an amended PCRA petition. On August 3, 2016, the PCRA court issued its Pa.R.Crim.P. 907 notice, and on October 4, 2016, the PCRA court dismissed Appellant's PCRA petition. This timely appeal followed.[4]

On appeal, Appellant alleges that the attorney who represented him in his first PCRA petition was ineffective due to a mental health issue. Appellant's Brief at 3. After review, we conclude that Appellant is entitled to no relief.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super.

---

[4] It does not appear from the record that the PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. However, the PCRA court did file an opinion on December 30, 2016, explaining that the underlying PCRA petition was dismissed because it was untimely.

2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

Before we may reach the merits of the issue presented, we first address whether Appellant satisfied the timeliness requirements of the PCRA. A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii),

and (iii), is met.[5]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to establish an exception to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Appellant's judgment of sentence became final on October 28, 2008, ninety days after the Supreme Court of Pennsylvania denied his petition for allowance of appeal and the time for seeking a writ of *certiorari* in the Supreme Court of the United States expired.  U.S. Sup.Ct.R. 13.  Thus, in order for Appellant's petition to be considered timely under the PCRA,

_____

[5] The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

Appellant was required to file the PCRA petition on or before October 28, 2009. Appellant did not file the underlying PCRA petition until August 20, 2012, nearly four years after his judgment of sentence became final. Accordingly, the instant PCRA petition is patently untimely.

As stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Here, Appellant attempts to invoke the newly discovered facts exception based upon information concerning prior PCRA counsel's mental health issues. Appellant's Brief at 9. Appellant's claim is meritless.

After reviewing the record, we conclude that Appellant filed the instant PCRA petition more than sixty days after prior counsel's mental health issues were revealed. As the Commonwealth points out, Appellant's prior counsel's mental health issues were first disclosed publicly on October 19, 2012. Commonwealth's Brief at 8-9; *see also* Disciplinary Board of the Supreme Court of Pennsylvania (Joint Stipulation of Fact, Law, Exhibits), 180 DB 2011.

Although Appellant filed his second PCRA petition on August 20, 2012, nothing in that petition mentioned counsel's mental health. Rather, it was

not until nearly three years later on April 3, 2015, when Appellant filed an amendment to his second PCRA petition that this issue was presented.

We agree with the Commonwealth that through due diligence, this information concerning prior counsel's health issues could have been discovered as early as October of 2012, and at the latest on November 13, 2014. It was on November 13, 2014, when the Supreme Court of Pennsylvania suspended Appellant's prior counsel from the practice of law and issued an opinion that included the findings and recommendation issued by the Disciplinary Board of the Supreme Court Of Pennsylvania. Supreme Court Disciplinary Order, 180 DB 2011, 11/13/14.[6] Moreover, Appellant cannot now claim that he was unaware of the disciplinary action because Appellant was directly involved in those proceedings, and he was named specifically in the joint stipulation of facts in that disciplinary action. *Id*. (Attached Report and Recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania, Appendix A, at ¶¶ 7-86). As such, Appellant's "newly discovered evidence" of prior counsel's health concern was not presented within sixty days of the date Appellant could have learned this information with the exercise of due diligence. 42 Pa.C.S. §

_____

[6] *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1277-1278 (Pa. Super. 2013) (explaining that disciplinary orders of the Supreme Court of Pennsylvania are matters of public record).

9545(b)(1)(ii). Therefore, Appellant has failed to satisfy an exception to the PCRA time-bar.

Accordingly, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly denied relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

P.J.E. Stevens joins the Memorandum.

Judge Bowes concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2017